# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-51196
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 19, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FRANK KRIEGBAUM,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:14-CR-1400-1

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Frank Kriegbaum pleaded guilty to receiving and possessing an unregistered firearm and was sentenced to 96 months' imprisonment. On appeal, Kriegbaum argued that the district court erroneously calculated both his criminal history score and his offense level, which was based on an allegedly erroneous determination that Kriegbaum's Texas robbery conviction qualified as a crime of violence under the United States Sentencing Guidelines.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-51196

Upon the Government's concession that Kriegbaum's criminal history score was incorrect, this court vacated his sentence and remanded for resentencing. On remand, the district court imposed a sentence of 96 months' imprisonment.

Kriegbaum again appeals, arguing that the district court incorrectly calculated his base offense level under U.S.S.G. § 2K2.1 because his Texas robbery conviction is not a crime of violence. For purposes of § 2K2.1, the term "crime of violence" has the same meaning as in U.S.S.G. § 4B1.2(a) (2015) and Application Note 1 of the Commentary to § 4B1.2. § 2K2.1, comment. (n.1) (2015). Kriegbaum contends that Texas robbery is a crime of violence only under the residual clause of former § 4B1.2(a)(2), which is unconstitutionally vague because it contains the same language as the provision of the Armed Career Criminal Act invalidated for vagueness in *Johnson v. United States*, 135 S. Ct. 2551 (2015).

In *Beckles v. United States*, 137 S. Ct. 886, 897 (2017), the Supreme Court held that "the Sentencing Guidelines are not subject to a due process vagueness challenge" and that therefore, "[former] § 4B1.2(a)'s residual clause is not void for vagueness." *Beckles* forecloses Kriegbaum's only argument on appeal. Accordingly, we GRANT the Government's motion for summary affirmance. AFFIRM the judgment of the district court, and DENY as moot the Government's alternative motion for an extension of time to file its brief.